

GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, IL, MI and USPTO

March 26, 2020

<u>*Via ECF*</u>

Honorable Joseph A. Dickson, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 2D
Newark, NJ 07101

   **Re:** *What A Smoke, LLC v. Duracell U.S. Operations, Inc., et al.*, No. 2:19-cv-16657-JMV-JAD

Dear Judge Dickson:

  This letter is in response to Your Honor's Text Order of March 23, 2020 [D.N. 61]. Your Honor's instructions in the Order were that if Plaintiff needs to seek clarification of Your Honor's Orders, the Plaintiff should put its request on the docket. Hence the present clarification request letter to Your Honor.

  We are writing to Your Honor in order to seek clarification with respect to the Court's position regarding Defendant's ongoing failure to provide complete discovery to Plaintiff in this matter, namely, non-privileged communications between Defendant's employees with respect to selection and adoption of OPTIMUM mark by Defendant.

  Your Honor ordered Plaintiff to produce ALL discovery documents by March 31, 2020 that Defendant claims have not yet been produced, which, actually is but only ONE document at this point – verified answers to Defendant's interrogatories, which we have already provided to Defendant earlier today, so, therefore, Plaintiff has provided all of the outstanding discovery to Defendant as of today.

However, Your Honor's Order of March 23, 2020, did not mention anything as to whether or not Defendant too must provide its own discovery to Plaintiff by March 31, 2020.

Therefore, we are seeking clarification with Your Honor in that respect.

Plaintiff has been very clear throughout this litigation in its communications to the adversary Defendant and the Court that Defendant has not complied with its discovery obligations, and that Defendant needs to produce information and documents to Plaintiff as part of the discovery process related to the Preliminary Injunction Motion, as per Judge Vazquez's initial order of September 26, 2019, concerning the pre-motion discovery in this matter.

Judge Vazquez allowed 5 interrogatories per each side, and 15 requests for production of documents, and 2 depositions.

In response to Plaintiff's interrogatories and requests for production of documents and things, Defendant provided very few documents.

Plaintiff's Request for Production No. 1 dated October 11, 2020, asked for "[a]ll documents relating to the creation, selection, adoption and/first use of OPTIMUM and DURACELL OPTIMUM trademarks by Defendant".  Request No. 1 covers Defendant's employees' communications, including marketing team members' communications, with respect to selection and adoption of OPTIMUM mark. In response, Defendant produced very few non-publicly available documents. Crucially, Defendant did not produce any documents, such as correspondence between the members of Defendant's marketing team concerning the selection of OPTIMUM as its mark *vis-à-vis* Plaintiff's senior OPTIMUM mark.  We have asked for this information many times, both in writing to the adversary counsel for Defendants, in submissions to Court, and in Court before Your Honor at the time of February 24, 2020 hearing before Your Honor. So far we have not received the requested documents from the Defendant.

We therefore respectfully request that Your Honor order Defendant to produce to Plaintiff as soon as possible the requested correspondence between Defendant's marketing team members.

Plaintiff's Request for Production No. 2 asked for "[a]ll documents related to Defendant's intent in adopting and timing of adopting the OPTIMUM and DURACELL OPTIMUM trademarks by Defendant". Request No. 2 similarly covers Defendant's employees' communications, including marketing team communications, with respect to selection and adoption of OPTIMUM mark. Similarly, Defendant produced nothing in terms of documents showing Defendant's intent to adopt OPTIMUM taking into consideration the existence of Plaintiff's senior OPTIMUM trademark.

Plaintiff's Request No. 3 asked for all documents related to Defendant's trademark clearance search and/or registrability opinion or advice in respect thereof. Request No. 3 covers Defendant's non-privileged employees' communications, including marketing team communications, with respect to selection and adoption of OPTIMUM mark. To be fair, Defendant did produce its trademark search report, which identified Plaintiff's OPTIMUM trademark registrations. However, Defendant provided nothing in terms of non-privileged marketing employees communications concerning a trademark registrability opinion or advice concerning registrability of Defendant's own OPTIMUM mark in view of prior OPTIMUM-containing senior trademark registrations, including Plaintiff's OPTIMUM mark, nor has Defendant provided any non-privileged documents or information concerning what advice Defendant received (and whether it heeded the advice or not) concerning viability of or risks related to adopting OPTIMUM trademark for its new battery program.

In response to Defendants arguments that there may be at least 17 custodians of the relevant records among Duracell's employees, in our letter to Your Honor of March 12, 2020, we agreed to limit the amount of requested documents related to selection and adoption, i.e., we agreed that we would accept correspondence authored or received by, limited to three (3) people at Duracell, instead of 17.

3

Plaintiff's Request No. 5 asked for "[a]ll documents related to Defendant's decision to begin advertisement and sales of its OPTIMUM and DURACELL OPTIMUM product". Request No. 5 covers Defendant's employees' communications, including marketing team communications, with respect to adoption of OPTIMUM mark. Defendant produced nothing in response.

One of the documents Defendant did provide as part of its document production to Plaintiff was a solitary email between employees of Duracell, which identified Alfonso Arteaga as the person responsible at the time at Duracell for their infringing OPTIMUM project.

Plaintiff had no knowledge of Mr. Arteaga at the time of the phone conference with Judge Vazquez on September 26, 2019, regarding Preliminary Injunction Discovery, prior to the date of production of that email by Defendant. Mr. Arteaga's name also came up in Defendant's answers to interrogatories that Defendant served on Plaintiff on October 24, 2019.

Now that the plaintiff is aware of Mr. Arteaga and of his involvement in the OPTIMUM battery project at Duracell, it is imperative that Plaintiff gets to depose Mr. Arteaga, as he is the person who has first-hand knowledge concerning Duracell's selection and adoption of Plaintiff's OPTIMUM mark for its new line of batteries.

Defendant has objected to Mr. Arteaga's deposition. Plaintiff disagrees. It appears that Mr. Arteaga was THE responsible person for the OPTIMUM project at Duracell, and he would be the person with first hand knowledge as to the reasons for Duracell's adopting Plaintiff's OPTIMUM trademark for its battery line in violation of Plaintiff's senior trademark rights in OPTIMUM.

Mr. Arteaga resides in Puerto Rico, i.e., a US territory, – which is under the jurisdiction of the US Federal Courts, including the US District Court for the District of Puerto Rico and the US Court of Appeals for the 1st Circuit. Mr. Arteaga is not unreachable. It will not be a big burden on Mr. Arteaga to spend several hours in a deposition in Puerto Rico. The undersigned counsel for Plaintiff will gladly travel to Puerto Rico to depose Mr. Arteaga.

We need to agree on the deposition schedule with the adversary, as per Your Honor's March 23, 2020, Order.

In that respect we will have a meet and confer with the adversary, as per Your Honor's Order of March 23, 2020, and we therefore respectfully ask Your Honor to provide guidance whether or not Your Honor would allow Plaintiff to depose Mr. Arteaga, so that we could take into consideration a date for Mr. Arteaga's deposition when working out the dates of other depositions with the adversary.

We respectfully request that this Honorable Court order that the Defendant produce the following discovery to Plaintiff:

1. Non-privileged communications between Duracell's marketing team members regarding selection and adoption of trademark for Duracell's new battery program that resulted in Duracell's launching it under What A Smoke's OPTIMUM trademark.

2. Non-privileged communications between Duracell's IP Counsel Mr. Leo White and Mr. Gary Hood, Duracell's General Counsel, i.e., Mr. White's boss, concerning Duracell's selection and adoption of a trademark for its new battery program that resulted in Duracell's launching it under What A Smoke's OPTIMUM trademark; and also non-privileged communications concerning the results of the trademark clearance search and communications between Mr. White and Mr. Hood following the February 2019 USPTO's rejection of Duracell's OPTIMUM and DURACELL OPTIMUM trademark applications based on likelihood of confusion with What A Smoke's senior OPTIMUM trademark registrations.

Many thanks.

Respectfully submitted,

/Sergei Orel/

Sergei Orel

Cc:    Richard Gearhart (via email)
        James Klobucar (via email)
        Robert N. Phillips (via email)
        James T. Hultquist (via email)
        Philip W. Danziger (via email)

CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served by electronic mail on this 26th day of March 2020 to Defendant's counsel via a separate email at their respective email addresses associated with the present matter and as listed below:

Philip W. Danziger
REED SMITH LLP
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, New Jersey 08540
pdanziger@reedsmith.com

James T. Hultquist
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606-7507
jhultquist@reedsmith.com

Robert N. Phillips
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
robphillips@reedsmith.com

          _____/Sergei Orel/_____
                Sergei Orel